United States District Court
Southern District of Texas
**ENTERED**
July 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEWIS SESSOMS, § | |
| § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION NO. 4:23-cv-1065 |
| § | |
| JEFFERSON CAPITAL SYSTEMS, LLC & § | |
| TRAVELERS CASUALTY AND SURETY § | |
| COMPANY OF AMERICA, § | |
| § | |
| *Defendants.* | |

## ORDER

Pending before the Court is Defendants Jefferson Capital Systems, LLC ("JCAP") and Travelers Casualty and Surety of America ("Travelers")'s (collectively, "Defendants") Motion for Summary Judgment. (Doc. No. 15). Plaintiff Lewis Sessoms ("Plaintiff") failed to respond. The Court hereby **GRANTS** Defendants' Motion for Summary Judgment. (Doc. No. 15).

## BACKGROUND

Plaintiff filed this action against Defendants alleging violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff complains that JCAP sent him a letter on March 4, 2023 "falsely" stating that it was no longer credit reporting an alleged debt owed on a Fingerhut Advantage account ending in 0397 and that JCAP failed to send him a letter with disclosures required under Section 1692(g)(a) of the FDCPA. Plaintiff also asserts claims against Travelers as a "joint enterprise" and under a theory of vicarious liability for JCAP's alleged violations of the TDCA and FDCPA. *See* (Doc. No. 1).

Defendants argue that summary judgment should be granted in their favor on Plaintiff's claims because 1) JCAP was not credit reporting the debt associated with Plaintiff's Fingerhut

Advantage account on March 4, 2023, and 2) because JCAP mailed its initial notice, with disclosures, to Plaintiff on February 22, 2019. Further, Defendants contend that the Court must find for Defendants on Plaintiff's joint enterprise and vicarious liability claims against Travelers because there is no underlying FDCPA or TDCA liability attached to JCAP to extend liability to Travelers. (Doc. No. 15 at 3). As noted above, Plaintiff did not file a response.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.* The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Since granting summary judgment based solely on the local rules and Defendant's failure to respond would be improper, this Court will address the merits of the motion.

## ANALYSIS

### A. Required disclosures under Section 1692(g)(a) of the FDCPA

First, Plaintiff alleges that JCAP failed to send him a letter with disclosures required under Section 1692(g)(a) of the FDCPA regarding the debt associated with Plaintiff's Fingerhut Advantage Account ending in 0397. In its motion, JCAP presents evidence that it satisfied the disclosure requirements for this debt under Section 1692(g)(a) in a previous letter sent on February 22, 2019. (Doc. No. 15-1 at 11). FDCPA § 1692g(a) provides:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. § 1692(g)(a).

JCAP attached to its motion a letter that it sent on February 22, 2019. This letter contained the required disclosures for the debt associated with Plaintiff's Fingerhut Advantage account ending in 0397. (Doc. No. 15-1 at 11). Plaintiff does not dispute that JCAP sent the letter, nor does he dispute that he received it. As a result, there is no genuine issue of material fact that JCAP complied with the requirements of Section 1692(g)(a) and the Court grants JCAP's motion for summary judgment on Plaintiff's FDCPA claim under Section 1692(g)(a).

### B. Whether the March 4, 2023 letter was "false, deceptive, or misleading" under the FDCPA or TDCA

In his complaint, Plaintiff claims that the March 4, 2023 letter "falsely" indicated that JCAP was no longer reporting the debt associated with the Fingerhut Advantage account ending in 0397 in violation of the FDCPA and the TDCA. Title 15 U.S.C. § 1692(e) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 392.304(a)(19) of the TDCA provides that "a debt collector may not use a fraudulent, deceptive, or misleading representation using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. § 392.304. Plaintiff alleges in his Complaint that the March 4, 2023 letter is "false and misleading" because "it falsely states that the [debt associated with the

4

Fingerhut Advantage account ending in 0397] is not being reported to the Plaintiff's consumer credit report when in fact the [debt] is being reported as disputed to the Plaintiff's Equifax consumer credit report." (Doc. No. 1 at 4).

JCAP has presented the sworn affidavit of Sue Unterberger ("Unterberger"), the Chief Compliance Officer for JCAP, who states that on April 9, 2021, JCAP ceased reporting the debt associated with Plaintiff's Fingerhut Advantage account and sent requests to Transunion, Equifax, and Experian to delete its tradeline for the account from Plaintiff's credit reports. (Doc. No. 15-1 at 1-2). Unterberger further states that JCAP made no further attempts to credit report the debt associated with Plaintiff's Fingerhut Advantage account and that the letter sent to Plaintiff on March 4, 2023, was correct. (*Id.* at 2-3). Plaintiff did not controvert this evidence. As a result, there is no genuine issue of material fact that JCAP's March 4, 2023 letter was not "false, deceptive, or misleading" in any way under either the FDCPA or the TDCA. Defendants' motion is granted as to Plaintiff's FDCPA and TDCA claims.

### C.  "Joint enterprise" and vicarious liability

Plaintiff also asserts claims against Travelers as a "joint enterprise" and under a theory of vicarious liability for JCAP's alleged violations of the TDCA and FDCPA. "Joint enterprise liability is not an independent claim or cause of action and the imposition of liability under this theory is dependent upon the primary liability of a wrongdoer who is a part of the joint enterprise." *Allred v. Freestone Cnty. Fair Assn., Inc.*, No. 07-20-00168-CV, 2022 WL 1153152 at *11 (Tex. App.—Amarillo Apr. 18, 2022). Similarly, "vicarious liability is premised on the relationship between the wrongdoer (agent) and the third party (principal) to whom liability is imputed." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 132 (Tex. 2018). The Court has granted

summary judgment in Defendants' favor on Plaintiff's TDCA and FDCPA claims against JCAP and therefore dismisses Plaintiff's claims against Travelers for the reasons discussed above.

The Court **GRANTS** Defendants' Motion for Summary Judgment in its entirety. (Doc. No. 15). Defendants' Motion to Stay (Doc. No. 17) is denied as moot.

Signed at Houston, Texas, on this the 18th day of July 2024.

Andrew S. Hanen
United States District Judge